FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 19 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHAMSUDDIN A. ABDUL-HAKIM BEY,

    Plaintiff,

    -against-

28th POLICE PRECINCT POLICE
HEADQUARTERS, CHIEF ALTOBELLI,
MAYOR WILLIAM DeBLASIO, GOVERNOR
ANDREW CUOMO, NEW YORK CITY
POLICE COMMISSIONER BRATTON'S
OFFICES, NEW YORK STATE, and UNITED
STATES GOVERNMENTAL DEPTs. AND
OFFICES,

    Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-2362 (CBA) (RML)

**AMON, United States District Judge:**

Plaintiff Shamsuddin A. Abdul-Hakim Bey ("plaintiff"), brings this pro se complaint pursuant to 42 U.S.C. § 1983, alleging that unidentified members of the New York City Police Department ("NYPD") violated his constitutional rights by threatening and harassing him and failing to release his property. By Order dated May 3, 2016, the action was transferred from the United States District Court for the Southern District of New York. (D.E. # 3.) Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, the complaint is dismissed and plaintiff is granted thirty (30) days from the date of this Order to file an amended complaint naming proper defendants.

## BACKGROUND

Plaintiff's complaint, (D.E. # 2 ("Compl.")), is partially indecipherable and difficult to comprehend. The complaint seems to assert claims arising from an incident on January 4, 2016 involving members of the NYPD at a warehouse in Long Island City, New York. Plaintiff seems

1

to allege that he was at the warehouse on January 4, 2016 attempting to retrieve his personal property that had been confiscated on December 12, 2015 by NYPD officers assigned to the NYPD's 28th Precinct. (Id. at 3.) Plaintiff attached a voucher to his complaint, which indicates that NYPD confiscated a hand truck, a speaker, a microphone, a USB cord, a black cord, and an auxiliary jack. (Id. at 5.) The voucher also indicates the property was confiscated in connection with the issuance of a summons for disorderly conduct pursuant to New York Penal Law § 240.20. (Id.)

Plaintiff alleges that while he was at the warehouse on January 4, 2016, he was "harassed, abused, denied, disrespected, verbally and nearly physically" by the NYPD officers, and that they denied him access to his personal property. (Id. at 3.) He contends that this treatment constitutes a violation of his constitutional rights, and he seeks the return of his personal property and damages pursuant to 42 U.S.C. § 1983.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it: (1) "is frivolous or malicious," (2) "fails to state a claim upon which relief may be granted," or (3) "seeks monetary relief from a defendant who is immune from such relief." Leave to amend must be granted if a liberal reading of the pleading "gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citations omitted).

At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). All allegations contained in the complaint are assumed to be true, but this tenet is "inapplicable to legal conclusions." Id. Although pro se complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006).

## DISCUSSION

Plaintiff alleges that his constitutional rights have been violated by members of the NYPD at the warehouse in Long Island City and seeks damages for those violations pursuant to 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Furthermore, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010); Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Plaintiff names the following defendants in this action: the precinct that was involved in the original confiscation of his property, that precinct's police chief, the mayor, the governor, the NYPD police commissioner, New York state, and the United States "governmental departments and offices." However, the complaint does not include any allegations concerning the involvement

3

of these defendants in the alleged constitutional deprivation. In fact, plaintiff's complaint does not make any allegations against these defendants. Under Federal Rule of Civil Procedure 8, a plaintiff must allege sufficient facts to allow the defendants to have a fair understanding of what he is complaining about and to enable them to determine whether there is a possible legal basis for recovery. See Twombly, 550 U.S. at 555 (Rule 8 imposes the requirement that the plaintiff's pleadings give the defendant fair notice of what the ... claim is and the grounds on which it rests" (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Ricciuti v. NYC Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991) ("[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.").

Because plaintiff has not alleged each defendant's direct or personal involvement in the alleged deprivation of his constitutional rights and has not plead the defendants' connections to the events described in his complaint, his claims are dismissed. 28 U.S.C. § 1915(e)(2)(B).

## LEAVE TO AMEND

As currently stated, even with a liberal construction, the complaint fails to state a claim on which relief may be granted. Nevertheless, in light of plaintiff's pro se status, plaintiff is afforded thirty days (30) to amend his complaint if he can, in good faith, set forth a claim under § 1983 regarding his attempt to recover his property or any other federal claim he may have. See, e.g., Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated.") (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir.1999)).

Should plaintiff file an amended complaint, he must satisfy the minimal filing requirements of Federal Rule of Civil Procedure 8, providing each of the defendants with notice of the claims

against it and a short, plain statement of the relevant facts supporting his claim or claims. Plaintiff must provide facts pertinent to each claim and cannot rely on generalized allegations of misconduct. If plaintiff elects to file an amended complaint, he should list specifically what injury he suffered, when and how it occurred, and who was responsible for it. Conclusory allegations are not sufficient. See Iqbal, 556 U.S. at 678. Finally, plaintiff must name the individuals who were personally involved as defendants. If plaintiff cannot identify the defendants at this time, he may designate him/her as John/Jane Doe.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed without prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii). No summons shall issue as to the defendants named in this complaint.

However, in light of plaintiff's pro se status, plaintiff shall be afforded thirty days leave to file an amended complaint against other defendant(s) regarding his claim. The Clerk of Court is respectfully requested to provide a "Complaint for Violation of Civil Rights" form to plaintiff. If plaintiff elects to file an amended complaint, the amended complaint must provide facts giving rise to each of his federal claims against the defendant(s). It shall be submitted to the court within thirty (30) days of the docket entry of this Order. No summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed, judgment dismissing this action shall enter. Once submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under Federal Rule of Civil Procedure 8 and 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and

therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: May 19, 2017
Brooklyn, New York

/S/ Judge Carol Bagley Amon

Carol Bagley Amon
United States District Judge